# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, A MINOR CHILD, AND JOHN SMITH, A MINOR CHILD, ET AL., | 3:03-cv-00604-BES-VPC |
| Plaintiffs, | |
| v. | **ORDER** |
| WASHOE COUNTY; WITTENBERG HALL; WILLIAM JONES AND HIS PARENTS; ROBERT EDWARDS AND HIS PARENTS; DOES I-X; BART AND MONIQUE BLACK; DOES I-X; BLACK AND WHITE CORPORATIONS I-X; AND/OR GOVERNMENT AGENCIES AND/OR ENTITIES I-X, | |
| Defendants. | |

Plaintiffs John Doe and John Smith ("Plaintiffs") filed an Objection to Magistrate Judge's Minute Order dated June 22, 2006 (#104). Defendants filed a Response (#109) on July 13, 2006. Although the local rules do not provide for it, Plaintiffs filed a Reply (#120) on July 27, 2006.

For the foregoing reasons, Magistrate Judge Cooke's Order (#103) is affirmed.

## I. STATEMENT OF FACTS

At a discovery status hearing held on March 6, 2006, several pending discovery

1  matters were considered and the issue of the conduct of one of Plaintiffs' counsel, Carter
2  King was addressed (#48).  The Magistrate Judge described the problems that had arisen
3  as a result of Mr. King's violation of various court orders and his disregard of the Local
4  Rules of Practice (#48).  The Magistrate Judge gave Mr. King notice and an opportunity
5  to respond.  After hearing from Mr. King, the Magistrate Judge sanctioned Mr. King
6  pursuant to LR IA 4-1(d) and ordered him not to file any further papers with the court on
7  behalf of Plaintiffs until Mr. King attended CM/ECF training, reviewed the court's Local
8  Rules of Practice and delivered to the Magistrate Judge's chambers a notice that he had
9  complied with the court's order (#48).

10  On March 21, 2006, the court ordered Mr. King to comply with the requirements of
11  the sanction order of March 6, 2006 (#48) and further stated that until Mr. King fully
12  complied with the sanction order, he was not allowed to make any appearances as counsel
13  in this action, either through papers filed with the Clerk of the Court or in person, until
14  further order from the court (#53).  On May 4, 2006, Mr. King was reinstated in the case
15  by Magistrate Judge Cooke (#86).

16  On April 28, 2006, Judge Cooke conducted a settlement conference with the
17  parties.  Mr. King was not allowed to attend pursuant to Judge Cooke's order (#53),
18  however, plaintiffs were represented at the settlement conference by their other co-
19  counsel, David Houston and Jeffrey Dickerson.  A settlement was reached and the terms
20  of the settlement agreement were stated on the record (#75).

21  From May 1 - 3, 2006, Mr. King filed various documents including notices of non-
22  settlement, notices of termination of co-counsel, and motions for discovery (#72 - #85).
23  The court struck these documents because they were filed prior to Mr. King's reinstatement
24  on May 4, 2006 (#87).

25  After Mr. King's reinstatement, he filed various pleadings, including notices of
26  rejection of offer to settle (#96, #99 and #101), a motion to file late pleadings (#95) and a

motion to complete discovery (#96) and various affidavits in support of the notices and motions (#97 and #100).

After reviewing these motions, Judge Cooke entered a Minute Order (#103) on June 22, 2006, ordering the following: (1) documents #72 through #85 were stricken from the record and therefore were no longer pending before the court; (2) the notices of rejection of offer to settle (#96, #99 and #101), a motion to file late pleadings (#95) and a motion to complete discovery (#96) were denied without prejudice because the case had been settled on the record and, therefore, there was no reason to file late pleadings or to conduct additional discovery.[1]

## II. Discussion

The Magistrate Judge's ruling was a determination of a non-dispositive matter and therefore the Court's review is governed by the standard set forth in Rule 72(a) of the Federal Rules of Civil Procedure. In reviewing a non-dispositive order entered by a Magistrate Judge, the court determines whether the order was "clearly erroneous or contrary to law." Gimes v. City of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the Magistrate Judge's factual findings while the "contrary to law" standard applies to the Magistrate Judge's legal conclusions. Wolpin v. Philip Morris, Inc, 189 F.R.D. 418, 422 ( C.D. Cal. 1999); Grimes v. County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991); Medical Imaging Centers of America, Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996).

A factual finding is clearly erroneous if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." Burdick v. C.I.R., 979 F.2d 1369,

---

[1] The court also stated that if a party wished to reject or challenge the settlement agreement or sought to enforce the settlement agreement, he or she must file a proper motion. Any such motion in regard to the settlement was required to be filed by July 14, 2006. Minute Order (#103). Defendant Washoe County filed a Motion to Enforce Settlement Agreement (#117) and Plaintiffs filed two notices of rejection of offer to settle and requested an extension of time to file points and authorities in support of their rejection of the settlement offer (#118).

1  1370 (9th Cir. 1992). The reviewing court may not simply substitute its judgement for that
2  of the deciding court. Grimes, 951 F.2d at 241. Under the contrary to law standard, the
3  Court conducts a de novo review of the Magistrate Judge's legal conclusions. Id.

4  Although in their opening statement Plaintiffs object to all findings and decisions as
5  set forth in the Order (#103), the Objection only addresses the ruling on the discovery
6  issues. Plaintiffs' specific objections to the Magistrate Judge's decision are as follows: (1)
7  Magistrate Judge Cooke denied Plaintiffs the right to take depositions, obtain answers to
8  interrogatories that were requested for over a year and obtain documents requested for
9  over a year; and (2) although Magistrate Judge Cooke ordered Defendants to give Plaintiffs
10 discovery, interrogatories and documents, she never compelled Defendants to comply with
11 her court orders. The Court now considers these objections to determine whether the
12 Magistrate Judge's order is clearly erroneous or contrary to law.

13 There are two sets of pleadings that the Magistrate Judge either struck or denied.
14 The first set (#72-85, hereinafter referred to as the "First Set") were filed while Mr. King was
15 disqualified from filing documents, a sanction imposed by the Magistrate Judge pursuant
16 to various court orders. The second set (#88, 95, 96, 99 and 101, hereinafter referred to
17 as the "Second Set") were filed after Mr. King was reinstated, but after a settlement was
18 reached between the parties.

19 The Court finds that Magistrate Judge Cooke's actions in striking the First Set of
20 pleadings was not clearly erroneous or contrary to law. A court has the duty and
21 responsibility of supervising the conduct of attorneys who appear before it. Erickson v.
22 Newmar Corp., 87 F.3d 298, 300 (9th Cir. 1996); Trust Corp. v. Piper Aircraft Corp., 701
23 F.2d 85, 87 (9th Cir.1983).

24 The Local Rules of Practice for the United States District Court for the District of
25 Nevada allow a court, after notice and opportunity to be heard, to impose any and all
26 appropriate sanctions on an attorney who without just cause fails to comply with these

1    rules or fails to comply with any order of the court. LR IA 4-1. Furthermore, judges have
2    an arsenal of sanctions they can impose for unethical behavior. These sanctions include
3    monetary sanctions, contempt, and the disqualification of counsel. <u>Erickson Newmar</u>, 87
4    F.3d at 300.
5         In this case, before Magistrate Judge Cooke imposed any sanctions, she made a
6    finding that Mr. King had violated numerous court orders, as well as the local rules.
7    Magistrate Judge Cooke gave Mr. King ample opportunity to comply with the local rules
8    and the court orders that were concerned with his improper filing of various pleadings.
9    Magistrate Judge Cooke also provided Mr. King with notice and an opportunity to be heard
10   before imposing the sanction of disqualifying him from future filings. (#48). Hence,
11   Magistrate Judge Cooke was well within her authority to impose the sanction of
12   disqualifying Mr. King from filing pleadings until Mr. King complied with the court orders and
13   local rules. Because the sanction was proper, Magistrate Cooke's decision to strike the
14   First Set of pleadings, which were filed while Mr. King was disqualified, was not contrary
15   to the law.
16        Magistrate Judge Cooke also was within her authority to deny the Second Set of
17   motions filed after the settlement agreement was reached. At the time the Magistrate
18   Judge entered the Minute Order, the parties had agreed to a binding settlement in open
19   court and on the record. Nevertheless, after the settlement was agreed upon, Plaintiffs
20   filed a Motion for Extension of Time to Complete Written Discovery (#82), Motion for
21   Extension of Time to Complete all Discovery (#83) and a Second Motion for Extension of
22   Time to Complete All Discovery Including but Not Limited to Depositions (#96). Had the
23   settlement been set aside, the motions might have been ripe for consideration. However,
24   the settlement had not yet been set aside and, therefore, the discovery motions were filed
25   prematurely. As such, because the litigation between the parties had been settled, all
26   issues relating to discovery or discovery disputes were moot and therefore, the Minute

1  Order denying these motions was not clearly erroneous or contrary to law.

2  Under the applicable standard of review, a Magistrate Judge's ruling is "clearly
3  erroneous" if, after considering all of the evidence, the District Court is left with "the definite
4  and firm conviction that a mistake has been committed", and the ruling is "contrary to law
5  when it fails to apply or misapplies relevant statues, case law or rules of procedure."
6  Tompkins v. R.J. Reynolds Tobacco Co, 92 F. Supp.2d 70, 74 (N.D.N.Y 2000).  Here, no
7  such errors exist.

8  IT IS HEREBY ORDERED that Plaintiffs' Objection to Magistrate Judge's Minute
9  Order dated June 22, 2006 (#104) ) is DENIED.

10  DATED: This 22ND day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE